

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-18-2006

# Zheng v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4423

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Zheng v. Atty Gen USA" (2006). *2006 Decisions.* Paper 447.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/447

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-4423

———————

HE JI ZHENG
                    Petitioner
        vs.

ATTORNEY GENERAL OF THE UNITED STATES,
                    Respondent

——————

ON PETITION OF REVIEW OF AN ORDER OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS
(BIA No. A70-835-906)

——————

Submitted Under Third Circuit L.A.R. 34.1(a)
September 14, 2006
Before:  SLOVITER, WEIS, and GARTH, Circuit Judges.
Filed September 18, 2006

——————

OPINION

——————

WEIS, Circuit Judge.

        Petitioner is a citizen of China who came to the United States in 1993.  In

1994, an Immigration Judge denied a request for asylum, withholding of removal, and

relief under the Convention Against Torture Act.  The Board of Immigration Appeals

remanded because of a change in the immigration laws with respect to claims based on

forced sterilization.  See 8 U.S.C. § 1101(a)(42), as amended by Illegal Immigration and

Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, div. C, § 601(a), 110 Stat. 3009-546, 3009-586. After another hearing and the opportunity to obtain documentation, the IJ again denied relief in 2004. The BIA affirmed.

Petitioner testified that he had two children born in China and that, as a result of that government's policy against "extra children," his wife was required to undergo sterilization in 1990. According to petitioner, his wife paid "extra birth" fines in 1990 and in 1993, but did not tell him about either the sterilization or the fines until after he came to the United States in 1993.

Petitioner was not present when his son was born in September 1990 and has never seen him. Petitioner remained in hiding, he says, for 2-3 years before he came to the United States and did not visit either his wife or children during that period.

The IJ expressed doubt about documents that petitioner submitted, particularly the birth certificate of the children. The IJ found it unbelievable that the petitioner's wife had told him of the birth of his son, but delayed in advising him of her sterilization and the fact that she had paid fines.

The IJ also questioned the petitioner's alleged fear of being imprisoned and tortured if he returned to China because of his own admission that fines had already been paid for having the additional child.

We will uphold adverse credibility determinations unless they are not supported by substantial evidence in the record. See Chen v. Gonzales, 434 F.3d 212,

2

216 (3d Cir. 2005) (citing <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 481 (1992)).  We have carefully reviewed the record in this case and cannot find that the IJ erred in his ruling that the petitioner's testimony was not credible.

Nor do we believe the IJ erred in finding that petitioner did not have a well-founded fear of prosecution should he return to China.  The IJ was generous in granting more than adequate time to petitioner to obtain corroborating documentation.  Moreover, petitioner was given fair and full hearings with the assistance of counsel in both instances.

The petition for review will be denied.